IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

**JOSEPH L .WESTFALL,**

      **Plaintiff,**

v.                                                                                             Civil Action No. 1:20-CV-207
                                                                                               (JUDGE KLEEH)

**DONALD J. TRUMP,**
**President, Individually and Official Capacities;**
**and STEVE T. MNUCHIN,**
**Secretary U.S. Treasury, Individually**
**and Official Capacity;**

      **Defendants.**

<u>**REPORT AND RECOMMENDATION**</u>
<u>**RECOMMENDING DISMISSAL WITHOUT PREJUDICE**</u>

      This matter comes before the Court pursuant to an Order entered by District Court Judge Thomas S. Kleeh on August 19, 2020, referring to the undersigned any matters ripe for the issuance of a report and recommendation. [ECF No. 4]. An Order to Show Cause was entered by the Court on September 9, 2020, directing Plaintiff to either show cause, pay the required filing fee in form acceptable to the Clerk's Office, or file the necessary paperwork to proceed *in forma pauperis*. [ECF No. 10]. Because of Plaintiff's failure to comply with this Order and for the forgoing reasons, the undersigned **RECOMMENDS** that Plaintiff's Complaint [ECF No. 1] be **DISMISSED WITHOUT PREJUDICE** by the District Court.

                                            **I.**      **PROCEDURAL HISTORY**

      On August 19, 2020, the *pro se* Plaintiff Joseph L. Westfall filed a Complaint against Donald J. Trump and Steven T. Mnuchin. [ECF No. 1]. On the same day, the Clerk of Court sent Plaintiff a Notice of General Guidelines for Appearing Pro Se in Federal Court [ECF No. 3] and a

letter [ECF No. 2] informing Plaintiff that the Court had not yet received the $400 filing fee and that Plaintiff would need to pay the filing fee via money order, cashier's check or credit card, or, alternatively, complete an application *in forma pauperis*. The Court would note the application to proceed *in forma pauperis* was included with the Letter. [ECF No. 2-1]. On August 24, 2020, a Return Receipt for the Notice of General Guidelines for Appearing Pro Se in Federal Court and Letter was filed with the Court. [ECF No. 5.]

On August 26, 2020, Plaintiff sent a Certificate of Service for his Complaint as well as a letter enclosing a personal check for the filing fee. [ECF No. 7]. Plaintiff included W2s verifying his income is less than 200% of the poverty level, but Plaintiff did not include the application or affidavit to proceed *in forma pauperis* because, according to the Plaintiff, "[t]he wording: 'I cannot prepay' would cause me to commit perjury." *Id*. On the same day, the Clerk sent a letter to the Plaintiff returning the personal check and instructing the Plaintiff that "[a]s this office is not allowed to accept personal checks, please send a Money Order or Cashier's Check." [ECF No. 6].

On September 1, 2020, Plaintiff sent another letter resubmitting his personal check and financial documents. [ECF No. 8]. He stated he would have difficulties in obtaining ether a money order or cashier's check considering COVID-19 restrictions and his work schedule. He expressed grievances that this Court cannot accept personal checks while other branches of the government are able to do so. [ECF No. 8 at 1]. Plaintiff noted that both the United States Court of Appeals for the Fourth Circuit,[1] as well as the United States Supreme Court,[2] accepts personal checks. [ECF

---

[1] *See* Fee Schedule, United States Court of Appeals for the Fourth Circuit, https://www.ca4.uscourts.gov/court-forms-fees/fee-schedule ("Any fees due to the Clerk, U.S. Court of Appeals for the Fourth Circuit, may be paid by check . . . [.] Checks are made payable to "Clerk, U.S. Court of Appeals" and mailed to: Clerk, U.S. Court of Appeals for the Fourth Circuit, 1100 East Main Street, Suite 501, Richmond, Virginia, 23219.").
[2] *See* Memorandum to Those Intending to Prepare a Petition for a Writ of Certiorari in Booklet Format and Pay the $300 Docket Fee, Supreme Court of the United States Office of the Clerk (July 2019), https://www.supremecourt.gov/casehand/guidetofilingpaidcases2019.pdf ("The $300 docket fee may be paid by personal check, cashier's check, money order, or certified check made out to 'Clerk, U. S. Supreme Court.'").

No. 8 at 2]. As before, the Clerk sent a letter to the Plaintiff the same day returning the personal check and instructing the Plaintiff that "[a]s this office is not allowed to accept personal checks, please send a Money Order or Cashier's Check." [ECF No. 9].

On September 9, 2020, the Court entered an Order to Show Cause [ECF No. 10] ordering Plaintiff Westfall to show cause within fourteen (14) days from the receipt of this Order as to why his case should not be dismissed without prejudice. Plaintiff was specifically advised that "A failure to either (1) show cause, (2) pay the filing fee, or (3) file the necessary paperwork to proceed *in forma pauperis* within the allotted fourteen days will result in the undersigned recommending dismissal of this case." [ECF No. 10 at 2].

On September 17, 2020, Plaintiff filed a Response to the Order to Show Cause. [ECF No. 12]. Plaintiff cites the notion that *pro se* documents must be liberally construed "however inartfully pleaded[.]" [ECF No. 12 at 1] (citing Estelle v. Gamble, 429 U.S. 92 (1976) and Haines v. Kerner, 404 U.S. 519 (1972)). Plaintiff argues that these rulings support his position and that "This court could (1) wave [sic] the fee, (2) through supplied income and pay stubs, grant in forma pauperis, (3) accept personal check As [sic] 4th Circuit (a superior court) or even the Supreme Court of the United States does." [ECF No. 12 at 2]. Plaintiff further argues that "[p]aying a filing fee to exercise the first amendment right to redress a grievance, is tantamount to a poll tax" and is, therefore, unconstitutional. *Id*.

## II. LEGAL STANDARDS

**A. The U.S. District Court for the Northern District of West Virginia requires a *pro se* plaintiff initiating a civil action to pay a combined cost of $400 by cashier's check, certified check, money order, or credit card.**

Under the Federal Rules of Civil Procedure, "[a] civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. Pursuant to Title 18, United States Code, Section

1914, "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350[.]" 28 U.S. Code § 1914(a).[3] Additionally, "[t]he clerk shall collect from the parties such additional fees only as are prescribed by the Judicial Conference of the United States." 28 U.S. Code § 1914(b). *See also* 28 U.S. § 331 (describing the powers vested in the Judicial Conference of the United States). Moreover, "[e]ach district court by rule or standing order may require advance payment of fees." 28 U.S. Code § 1914(c).

The Judicial Conference of the United States, in conjunction with the Administrative Office of the U.S. Courts, dictates that the additional administrative fees to be charged for filing a civil action, suit, or proceeding in a district court is $50. *See also* District Court Miscellaneous Fee Schedule, United States Courts, https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule (eff. October 1, 2019).

To summarize, a combined total of $400 in statutory filing fees and administrative costs must be paid for the commencement of a civil action in the U.S. District Court for the Northern District of West Virginia. Fee Schedule, United States District Court Northern District of West Virginia, https://www.wvnd.uscourts.gov/fee-schedule.

As previously stated in the Order to Show Cause [ECF No. 10], this Court requires that the Clerk of Court shall only accept from the public cashier checks, certified checks, money orders, and, in limited situations with prior approval of the financial administrator, credit card payments.

Simply put, an individual seeking to initiate a civil action must file a complaint and tender

---

[3] The Court would like to note the specific allocation of the $400 paid to the clerk of court as a fee under section 1914(a). $190 of each filing fee paid is "deposited into a special fund of the Treasury to be available to offset funds appropriated for the operation and maintenance of the courts of the United States." 28 U.S. Code § 1931(a). $100 of the filing fee is deposited into the Treasury pursuant to the Deficit Reduction Act of 2005. Pub.L. 109-171, Title X, § 10001(c). The remaining $60 is also deposited into the Treasury as soon as is practicable. 28 U.S. Code § 1931(b). *See also* 28 U.S. § 751.

the filing fees and administrative costs totaling $400 in the form of a cashier check, certified check, money order or credit card payment.

> **B. Alternatively, the Court may authorize the commencement of a civil action for a plaintiff who is unable to pay costs and who files an affidavit affirming his need to proceed *in forma pauperis*.**

The U.S. District Court for the Northern District of West Virginia has "statutory power under 28 U.S.C. § 1915 to authorize commencement of civil actions *in forma pauperis*." See DeBlasio v. Gilmore, 315 F.3d 396, 398 (4th Cir. 2003). Section 1915 states:

> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets . . . [.] Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915. In other words, if a court grants a plaintiff's motion to proceed *in forma pauperis*, the plaintiff "is excused from prepayment of filing fees." DeBlasio, 315 F.3d at 398.

Rule 3.01 of the Local Rules of General Procedure for the U.S. District Court for the Northern District of West Virginia also states:

> The Court may authorize the commencement, prosecution or defense of any civil or criminal action or proceeding, or any appeal (except Prisoner Litigation Reform Act actions), without prepayment of fees and costs or security, by a person who affirms by affidavit that he or she is unable to pay costs or give security as provided in 28 U.S.C. § 1915.

L.R. Gen. P. 3.01. (emphasis added). To proceed *in forma pauperis*, a plaintiff need not demonstrate "absolute destitution," but instead, only needs to show, *by sworn affidavit*, that "the payment of court costs imposes a substantial burden." See Ryan v. Astrue, No. CIV.A. 5:09CV55, 2009 WL 3232972, at *1 (N.D.W. Va. Oct. 1, 2009)(citing Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339, 69 S. Ct. 85, 89, 93 L. Ed. 43 (1948)).

> **C. Dismissal is appropriate where a plaintiff has failed to pay the requisite costs.**

This Court has the authority to dismiss an action for the plaintiff's failure to prosecute under Fed. R. Civ. P. 41(b) and under its inherent authority to dismiss the action *sua sponte*. See Link v. Wabash Railroad, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734, S.Ct. 1386, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir.1988). This authority has generally been considered an inherent power and allows courts to keep their calendars free of cases that remain dormant because of the inaction or dilatoriness of the parties, thus allowing courts to achieve the orderly and expeditious disposition of cases. See Link 370 U.S. at 630.

This Court has exercised its power to dismiss civil actions for failure to prosecute in similar scenarios where the plaintiff has failed to pay the requisite filing fee or file the forms necessary to proceed *in forma pauperis* as directed by a magistrate judge's order to show cause. See Camastro v. Smith, No. 5:12CV157, 2013 WL 5567187, at *1 (N.D.W. Va. Oct. 9, 2013); Moore v. Dep't of Corr., No. CIVA 5:06CV44, 2006 WL 2076669, at *1 (N.D.W. Va. July 24, 2006).

### III.   ANALYSIS

Here, Plaintiff Westfall has failed to pay the statutory filing fees and administrative costs as required despite *four* directives to do so. The Clerk's Office informed Plaintiff on August 19, August 26, and September 1, 2020 that Plaintiff would need to pay the $400 filing fee using an acceptable form of payment such as a cashier's check, certified check, money order, or credit card. On September 9, 2020, the Court issued its Order to Show Cause directing Plaintiff to pay the filing fee, file a motion to proceed *in forma pauperis*, or risk have his Complaint dismissed. To date, Plaintiff has failed to pay the filing fee in the form required or, in the alternative, file the affidavit affirming his need to proceed *in forma pauperis*.

In his August 26, 2020 letter, Plaintiff explained he could not, in honesty, sign an affidavit

testifying that he cannot prepay. Specifically, he stated "[t]he wording: 'I cannot prepay' would cause me to commit perjury." [ECF No. 7]. This, as well as his multiple attempts to pay via personal check, signal to the Court that that Plaintiff is capable of paying the fees required by 28 U.S. Code § 1914.

The undersigned would note that Plaintiff is correct that both the U.S. Court of Appeals for the Fourth Circuit and the U.S. Supreme Court accept personal checks. However, the policies and guidelines established for the U.S. District Court for the Northern District of West Virginia do not allow the Clerk's Office to process personal checks from members of the public. In addition, it is a common practice for businesses and other entities to refuse payment by personal check. While the undersigned appreciates there may be some inconvenience in obtaining a cashier's check, certified check, or money order, or paying via credit card, doing so is not typically onerous, and this Court must maintain consistent policies for the efficient and reliable processing of filing fees giving the number, breadth, and variety of cases for which this Court engages.

Additionally, while this Court must construe *pro se* pleadings liberally, that does not excuse a *pro se* Plaintiff from paying the required filing fee under 28 U.S.C. § 1914, or, alternatively, submitting an affidavit regarding their inability to pay under 28 U.S.C. § 1915. All parties seeking to initiate a civil action in this Court must satisfy one of these requirements.

Plaintiff, despite having funds available and being repeatedly informed of this Court's payment policies, willfully refuses to pay the costs associated with commencing a civil action in form that is acceptable to the Clerk's Office. Based upon the Plaintiff's deficiencies, dismissal is appropriate.

## IV.   CONCLUSION

For the above reasons, the undersigned respectfully **RECOMMENDS** that Plaintiff's

Complaint be **DISMISSED without prejudice** for failure to pay the filing fee or submit an affidavit in support of the motion to proceed *in forma pauperis* as ordered by this Court, on September 9, 2020. [ECF No. 10] and as required 28 U.S.C. §§ 1914 and 1915.

It is further **RECOMMENDED** that Plaintiff's Motion for Summary Judgment [ECF No. 13] be denied as moot.

Any party may within **fourteen (14) days** after being served with a copy of this Report and Recommendation file with the Clerk of the Court **specific written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.** A copy of such objections should also be submitted to the Honorable Thomas S. Kleeh United States District Judge.

**Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.** 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk is directed to transmit copies of this Report and Recommendation to counsel of record and to send a copy to the *pro se* Plaintiff by certified mail, return receipt requested.

**Respectfully submitted this October 7, 2020.**

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE