IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JOSEPH L. WESTFALL,**

       **Plaintiff,**

v.                                                  **CIVIL ACTION NO. 1:20CV207**
                                                                             **(Judge Keeley)**

**DONALD J. TRUMP,**
**President, Individual and**
**Official Capacities; and**
**STEVEN T. MNUCHIN,**
**Secretary, U.S. Treasury,**
**Individual and Official Capacities,**

       **Defendants.**

**MEMORANDUM OPINION AND ORDER ADOPTING THE
REPORT AND RECOMMENDATION [DKT. NO. 15], OVERRULING
PLAINTIFF'S OBJECTIONS, AND DISMISSING CASE WITHOUT PREJUDICE**

Pending before the Court is the Report and Recommendation ("R&R") by the Honorable Michael J. Aloi, United States Magistrate Judge, recommending that the complaint filed by the pro se plaintiff, Joseph L. Westfall ("Westfall"), be dismissed. After careful review and for the reasons that follow, the Court **OVERRULES** Westfall's objections (Dkt. No. 17), **ADOPTS** the R&R (Dkt. No. 15), **DENIES** Westfall's motion for summary judgment (Dkt. No. 13), and **DISMISSES** this case **WITHOUT PREJUDICE.**

**I. FACTUAL BACKGROUND**

On August 19, 2020, Westfall sued Donald J. Trump, President, and Steven T. Mnuchin, Secretary, U.S. Treasury, in their individual and official capacities. Westfall's complaint alleges that President Trump and Secretary Mnuchin failed to send an

**WESTFALL V. TRUMP ET AL.** 1:20CV207

**MEMORANDUM OPINION AND ORDER ADOPTING THE
REPORT AND RECOMMENDATION [DKT. NO. 15], OVERRULING
PLAINTIFF'S OBJECTIONS, AND DISMISSING CASE WITHOUT PREJUDICE**

economic impact payment owed to him through the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") and seeks $24,000,001,200.00 in damages. On the same day that the Clerk docketed his complaint, she notified Westfall that she had not received the required $400.00 filing fee. She informed him that payment must be made by money order or certified check or arranged by credit card. She also sent Westfall a form to proceed in forma pauperis should he claim to be indigent.

Westfall then sent a personal check to pay the filing fee, which the Clerk returned, explaining that he could only pay the filing fee by money order or cashier's check. On September 1, 2020, Westfall wrote to the Court to explain that, because of transportation issues, he could not easily obtain a money order or cashier's check to pay the filing fee. He also provided a pay stub, and did not complete an application to proceed in forma pauperis.

The Clerk sent a reply to Westfall on the same day, explaining for a third time that a personal check is not an acceptable form of payment for court fees. She again informed him that he needed to pay the filing fee by money order or cashier's check. Thus, as the matter stood in early September, 2020, Westfall had not paid the

**WESTFALL V. TRUMP ET AL.**                                                              1:20CV207

**MEMORANDUM OPINION AND ORDER ADOPTING THE
REPORT AND RECOMMENDATION [DKT. NO. 15], OVERRULING
PLAINTIFF'S OBJECTIONS, AND DISMISSING CASE WITHOUT PREJUDICE**

required filing fee, nor had he applied to proceed in forma pauperis.

## II. PROCEDURAL HISTORY

The Court referred this action to United States Magistrate Judge Michael J. Aloi, who, on September 9, 2020, entered an Order to Show Cause regarding Westfall's failure to pay the filing fee by cashier's check, money order, credit card, or, alternatively, by completing an application to proceed in forma pauperis. Magistrate Judge Aloi ordered Westfall to explain his failure to comply and to demonstrate within fourteen days why his case should not be dismissed without prejudice. He further advised Westfall that he need not show cause if he paid the filing fee in the meantime.

Westfall responded to the Order to Show Cause on September 17, 2020, contending that his complaint should be liberally construed because he is not represented by counsel. He argued that the Court could waive the filing fee, permit him to proceed in forma pauperis based on his income and pay stubs, or accept his personal check. Westfall further asserted that paying a filing fee is tantamount to a poll tax and thus unconstitutional. Finally, he moved for summary judgment based on the Defendants' failure to remit his economic impact payment despite his eligibility, and requested $220,001,200.00 in damages. Later, on September 30, 2020, Westfall

3

**WESTFALL V. TRUMP ET AL.** 1:20CV207

**MEMORANDUM OPINION AND ORDER ADOPTING THE
REPORT AND RECOMMENDATION [DKT. NO. 15], OVERRULING
PLAINTIFF'S OBJECTIONS, AND DISMISSING CASE WITHOUT PREJUDICE**

filed an addendum to his response to the show cause order, which included a September 25, 2020 letter from the Internal Revenue Service ("IRS") informing him that he may need to act to claim his economic impact payment.

In an R&R entered on October 7, 2020, Magistrate Judge Aloi recommended that the Court dismiss Westfall's complaint without prejudice for failure to comply with the Order to Show Cause entered on September 9, 2020. He explained that the policy of the United States District Court for the Northern District of West Virginia requires a pro se plaintiff initiating a civil action to pay a combined cost of $400[1] by cashier's check, certified check, money order, or credit card. He also discussed Westfall's option to submit a sworn affidavit to proceed in forma pauperis.

Ultimately, Magistrate Judge Aloi concluded that the Court has the authority to dismiss civil actions for failure to prosecute where a plaintiff has failed to pay the requisite filing fee or to file the necessary form to proceed in forma pauperis, and recommended that Westfall's case be dismissed without prejudice.

---

[1] Since entry of the R&R, as of December 1, 2020, the filing fee for civil actions increased. See Fee Schedule, United States District Court for the Northern District of West Virginia, https://www.wvnd.uscourts.gov/fee-schedule (last accessed Dec. 4, 2020).

4

**WESTFALL V. TRUMP ET AL.** 1:20CV207

**MEMORANDUM OPINION AND ORDER ADOPTING THE
REPORT AND RECOMMENDATION [DKT. NO. 15], OVERRULING
PLAINTIFF'S OBJECTIONS, AND DISMISSING CASE WITHOUT PREJUDICE**

The R&R informed Westfall of his right to file "written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection" within fourteen days.

Westfall filed objections to the R&R on October 14, 2020. He also filed a "Notice to the Court" that, as of October 25, 2020, he had not received an answer to his complaint and thus he believed he was entitled to summary judgment.[2] Westfall filed another copy of this document on November 17, 2020.

## II. STANDARD OF REVIEW

When reviewing a magistrate judge's R&R made pursuant to 28 U.S.C. § 636, the Court must review <u>de novo</u> only the portions of the R&R to which an objection is timely made. 28 U.S.C. § 636(b)(1)(C). Courts will uphold portions of a recommendation to which no objection has been made if "there is no clear error on the face of the record." <u>Diamond v. Colonial Life & Accident Ins. Co.</u>, 416 F.3d 310, 315 (4th Cir. 2005).

As a preliminary matter, finding no clear error, the Court summarily adopts the portions of Magistrate Judge Aloi's R&R to

---

[2] Because Westfall is proceeding pro se, the Court interprets his assertion as seeking default judgment.

**WESTFALL V. TRUMP ET AL.** 1:20CV207

**MEMORANDUM OPINION AND ORDER ADOPTING THE
REPORT AND RECOMMENDATION [DKT. NO. 15], OVERRULING
PLAINTIFF'S OBJECTIONS, AND DISMISSING CASE WITHOUT PREJUDICE**

which Westfall has not objected. Following de novo review, for the reasons that follow, the Court **OVERRULES** Westfall's specific objections to the R&R (Dkt. No. 17).

### III. ANALYSIS

Westfall contends that: (1) he did respond to the Order to Show Cause; (2) his pro se filing was not liberally construed; (3) the R&R cites an incorrect statute; (4) "reductio ad absurdum;"[3] (5) payment of court costs imposes a substantial burden; (6) the R&R does not mention the addendum to his response; and (7) his complaint has not been answered or addressed in a timely fashion. Id. at 1-3. He also attached a blank Application to Proceed Without Prepayment of Fees to his objections. Id. at 4.

Vague objections to an R&R distract a district court from "focusing on disputed issues" and defeat the purpose of an initial screening by the magistrate judge. McPherson v. Astrue, 605 F. Supp. 2d 744, 749 (S.D. W. Va. 2009) (citing Howard's Yellow Cabs, Inc. v. United States, 997 F. Supp. 469, 474 (W.D.N.C. 1997)). Failure to raise specific errors waives the plaintiff's right to de novo review because "general and conclusory" objections do not

---

[3] "Reductio ad absurdum" is defined as "disproof of an argument by showing that it leads to a ridiculous conclusion." Black's Law Dictionary (11th ed. 2019).

6

**WESTFALL V. TRUMP ET AL.** 1:20CV207

**MEMORANDUM OPINION AND ORDER ADOPTING THE
REPORT AND RECOMMENDATION [DKT. NO. 15], OVERRULING
PLAINTIFF'S OBJECTIONS, AND DISMISSING CASE WITHOUT PREJUDICE**

warrant such review. Id. (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)); Howard's Yellow Cabs, 987 F. Supp. at 474; see also Green v. Rubenstein, 644 F. Supp. 2d 723 (S.D. W. Va. 2009). Because Westfall is proceeding pro se, the Court is required to liberally construe those arguments that reasonably state a claim. Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978); Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999).

**1. Response to Show Cause Order**

Westfall contends that he complied with Magistrate Judge Aloi's Order to Show Cause because he filed a response. A mere response is legally insufficient, however. In the Order to Show Cause, Magistrate Judge Aloi warned Westfall that he must either show cause, pay the filing fee in a format acceptable to the Clerk's Office, or file the necessary paperwork to proceed in forma pauperis. Magistrate Judge Aloi also warned Westfall that failing to do so would subject his case to dismissal.

Critically, Westfall's response does not explain why he failed to pay the filing fee in an appropriate format or to submit completed paperwork to proceed in forma pauperis. Rather, Westfall argues that his filings are to be liberally construed and that the requirement to pay court fees is unconstitutional (Dkt. No. 12

7

**WESTFALL V. TRUMP ET AL.**                                            **1:20CV207**

**MEMORANDUM OPINION AND ORDER ADOPTING THE
REPORT AND RECOMMENDATION [DKT. NO. 15], OVERRULING
PLAINTIFF'S OBJECTIONS, AND DISMISSING CASE WITHOUT PREJUDICE**

at 2). He also contends that the Clerk of Court could accept a personal check and, in support, cites to rules of the United States Court of Appeals for the Fourth Circuit and the Supreme Court of the United States that permit acceptance of personal checks. Id.

> The Fourth Circuit has explained that
>
> the right of access to federal courts is not a free-floating right, but rather is subject to Congress's Article III power to set limits on federal jurisdiction. . . . Congress is no more compelled to guarantee free access to federal courts than it is to provide unlimited access to them. The Supreme Court has never recognized an "unlimited rule that an indigent at all times and in all cases has the right to relief without the payment of fees." United States v. Kras, 409 U.S. 434, 450, 93 S.Ct. 631 (1973). If we were to adopt [the plaintiff's] argument, all filing fees would be unconstitutional, which of course, they are not. "The correct principle is that reasonable costs may be imposed on persons who want to sue." Lumbert v. Illinois Dept. of Corrections, 827 F.2d 257, 259 (7th Cir. 1987).

Roller v. Gunn, 107 F.3d 227, 231-32 (4th Cir. 1997). Therefore, plaintiffs such as Westfall may be expected to pay reasonable costs prior to accessing federal courts. Additionally, "the clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350." 28 U.S.C. § 1914(a). "The clerk shall [also] collect from the parties such additional fees only as are prescribed by the Judicial

8

**WESTFALL V. TRUMP ET AL.** 1:20CV207

**MEMORANDUM OPINION AND ORDER ADOPTING THE
REPORT AND RECOMMENDATION [DKT. NO. 15], OVERRULING
PLAINTIFF'S OBJECTIONS, AND DISMISSING CASE WITHOUT PREJUDICE**

Conference of the United States." 28 U.S.C. § 1914(b). The "additional fee" for filing a civil action in a district court currently is $52. District Court Miscellaneous Fee Schedule, United States District Courts, https://uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule (last accessed Dec. 2, 2020).

The Clerk of Court for the Northern District of West Virginia is responsible for the proper collection, maintenance, accounting, and disbursement of funds accepted by the Clerk's Office. See Affidavit of Cheryl Dean Riley ("Riley"), attached hereto. Clerks of Court are empowered, within the exercise of reasonable judgment, to promulgate policies regarding acceptable forms of payment from the public. Id. The Clerk's Office for the Northern District of West Virginia, by policy, declines acceptance of personal checks for payment of court fees. Id. This is because a former clerk experienced substantial collection problems due to accepting personal checks from litigants. Id. According to the Riley, the current policy to accept only guaranteed forms of payment has worked well, and the Clerk's Office had not received any complaints about this policy prior to the issues raised by Westfall. Id.

9

**WESTFALL V. TRUMP ET AL.**                                              **1:20CV207**

**MEMORANDUM OPINION AND ORDER ADOPTING THE
REPORT AND RECOMMENDATION [DKT. NO. 15], OVERRULING
PLAINTIFF'S OBJECTIONS, AND DISMISSING CASE WITHOUT PREJUDICE**

The policy not to accept personal checks has benefitted the Court by eliminating the expense and delay associated with bank charges for personal checks returned due to insufficient funds, thus promoting efficiency in the Clerk's Office. Id. Due to the difficulties experienced in attempting to secure acceptable payment from Westfall in this case, the Clerk of Court researched the payment policies of other district courts and advises that, in accordance with the discretion afforded them, Clerks of Court around the country have implemented a wide variety of policies regarding acceptable forms of payment, which includes refusing to accept personal checks from the public. Id.

Here, the purpose behind refusing to accept personal checks from litigants is reasonable and based on experience. Westfall has not been unfairly singled out in any respect, and was informed of his options to pay the filing fee or proceed in forma pauperis three times by the Clerk and once by Magistrate Judge Aloi. Despite these efforts by court personnel and a judicial officer to inform and assist Westfall, he refused to pay the fee in an acceptable form or to apply to proceed in forma pauperis.

After careful consideration, the Court concludes that there is no good cause for Westfall to refuse to pay the total requisite

**WESTFALL V. TRUMP ET AL.**                                      1:20CV207

**MEMORANDUM OPINION AND ORDER ADOPTING THE
REPORT AND RECOMMENDATION [DKT. NO. 15], OVERRULING
PLAINTIFF'S OBJECTIONS, AND DISMISSING CASE WITHOUT PREJUDICE**

filing fee of $402[4] in one of the formats designated by the Clerk of the Court.

   2.   **Failure to Prosecute**

Westfall's argument that his complaint must be liberally construed because he is proceeding pro se, although correct, is irrelevant under the circumstances of this case. Here, it is unnecessary to construe Westfall's complaint in any respect because his case is not yet subject to judicial review due to his failure to pay the required filing fee or submit an affidavit affirming his inability to pay the fee.

Westfall's current circumstances are due entirely to his failure to comply with Magistrate Judge Aloi's Order to Show Cause. A case may be dismissed when a litigant fails to comply with a court's rules or orders. See Fed. R. Civ. P. 41(b); Link v. Wabash R. Co., 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action . . . because of his failure to prosecute cannot seriously be doubted).

---

   [4] This fee consists of the $350 filing fee mandated by 28 U.S.C. § 1914(a), plus the $52 additional fee prescribed by the United States District Courts.

11

**WESTFALL V. TRUMP ET AL.** 1:20CV207

**MEMORANDUM OPINION AND ORDER ADOPTING THE
REPORT AND RECOMMENDATION [DKT. NO. 15], OVERRULING
PLAINTIFF'S OBJECTIONS, AND DISMISSING CASE WITHOUT PREJUDICE**

### 3. 28 U.S.C. § 1914

In his objections, Westfall notes that the Magistrate Judge's R&R cites 18 U.S.C. § 1914, a criminal statute, on pages 3-4. However, this apparent typographical error is followed by a citation to the correct statute, 28 U.S.C. § 1914 (Dkt. No. 15 at 4, n. 3), which states:

> The clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350.
> The clerk shall collect from the parties such additional fees only as are prescribed by the Judicial Conference of the United States.
> Each district court by rule or standing order may require advance payment of fees.

Therefore, although Westfall correctly identifies that 18 U.S.C. § 1914 is inapplicable to this case, 28 U.S.C. § 1914 does apply and provides that the clerk of each district court is obligated to collect a filing fee for civil actions from the party instituting the proceeding.

### 4. Substantial Burden

Finally, Westfall objects to the oath included on the in forma pauperis form and alleges that dismissal of this matter would punish him for exercising a protected right. He also claims that the filing fee constitutes a majority of his weekly take home pay.

**WESTFALL V. TRUMP ET AL.** 1:20CV207

**MEMORANDUM OPINION AND ORDER ADOPTING THE
REPORT AND RECOMMENDATION [DKT. NO. 15], OVERRULING
PLAINTIFF'S OBJECTIONS, AND DISMISSING CASE WITHOUT PREJUDICE**

As noted earlier, clerks are obligated to collect filing fees from plaintiffs and the right of access to federal courts is limited by Congress. See 28 U.S.C. § 1914(a); Roller v. Gunn, 107 F.3d 227, 231-32 (4th Cir. 1997). Westfall has twice attempted to pay the filing fee by personal check in contravention of this District's policy and has refused to file an application for leave to proceed in forma pauperis, arguing that doing so would cause him to commit perjury. Therefore, it appears 1) Westfall has the ability to pay the requisite filing fee in the format prescribed but 2) refuses to do so. The Court therefore easily concludes that the $402 filing fee payment imposes no substantial burden on him. See Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339-40 (1948).

## IV. CONCLUSION

For the reasons discussed, following a review of the R&R and the record for clear error, the Court:

- **ADOPTS** the R&R (Dkt. No. 15);

- **DENIES** Westfall's Motion for Summary Judgment (Dkt. No. 13); and

- **DISMISSES** this civil action **WITHOUT PREJUDICE** and **DIRECTS** that it be stricken from the Court's active docket.

**WESTFALL V. TRUMP ET AL.** 1:20CV207

**MEMORANDUM OPINION AND ORDER ADOPTING THE
REPORT AND RECOMMENDATION [DKT. NO. 15], OVERRULING
PLAINTIFF'S OBJECTIONS, AND DISMISSING CASE WITHOUT PREJUDICE**

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to enter a separate judgment order and to transmit copies of both orders to the pro se plaintiff by certified mail, return receipt requested.

DATED: December 4, 2020.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOSEPH L. WESTFALL,

        Plaintiff,

v.                                                CIVIL ACTION NO. 1:20CV207
                                                                              (Judge Keeley)

DONALD J. TRUMP,
President, Individual and
Official Capacities; and
STEVEN T. MNUCHIN,
Secretary, U.S. Treasury,
Individual and Official Capacities,

        Defendants.

## AFFIDAVIT OF CHERYL DEAN RILEY

Cheryl Dean Riley, being first duly sworn, states:

    1. I have served as the Clerk of Court for the United States District Court for the Northern District of West Virginia since 2009. This statement is based on my personal knowledge of the policies and records of the Clerk's Office.

    2. As the Clerk of the Court, I serve as the financial officer for the Court and am responsible to the Court, the United States, and litigants for the proper collection, maintenance, accounting, and disbursement of funds accepted by the Clerk's Office.

    3. It is the policy of the Clerk's Office of the United States District Court for the Northern District of West Virginia to refuse personal checks as a form of payment for court fees.

4. It is my understanding that a former Clerk of Court for the Northern District of West Virginia, after experiencing problems accepting personal checks, deemed it appropriate to enact a policy to decline personal checks as payment of court fees. This policy has worked well and the Clerk's Office had not received any complaints about this policy prior to the issues raised by Plaintiff.

5. Based on my understanding and belief, this policy has eliminated the expense and delay associated with bank charges for personal checks returned due to insufficient funds. This policy also promotes efficiency in the Clerk's Office by eliminating the need to contact and collect payment from members of the public whose checks have been returned for insufficient funds. It further enables court employees to focus their time on managing records, serving attorneys, litigants, and members of the public, and completing other administrative tasks related to the work of the Court, rather than acting as collection agents.

6. It is my understanding that Clerks of Court are empowered, within the exercise of reasonable judgment, to promulgate policies regarding acceptable forms of payment from the public.

7. Due to the difficulties experienced in securing acceptable payment from Plaintiff in this case, I researched the payment policies of other district courts and learned that, in accordance with the discretion afforded to Clerks of Court, district courts

2

have implemented a wide variety of policies regarding acceptable forms of payment. These include refusing to accept personal checks from the public.

Further Affiant sayeth naught.

_____
CHERYL DEAN RILEY
CLERK OF COURT

State of West Virginia,

County of Ohio,

    I, <u>Kimberly Criswell</u>, a Notary Public in and for the aforesaid County and State, do hereby certify that Cheryl Dean Riley, whose name is signed to the foregoing Affidavit bearing the date of November 4, 2020, has this day acknowledged the same before me.

    My Commission expires: __May 12, 2024__

[NOTARIAL SEAL]

_____
NOTARY PUBLIC

NOTARY PUBLIC OFFICIAL SEAL
KIMBERLY A. CRISWELL
State of West Virginia
My Commission Expires May 12, 2024
5107 Shortline Hwy New Martinsville, WV 26155

3