# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

### INFORMAL BRIEF

RE: Pro Se WESTFALL v. TRUMP, MNUCHIN NdoW.V. 1:20CV207 KEELEY

FILED
DEC 15 2020
U.S. DISTRICT COURT-WVND
CLARKSBURG, WV 26301

**1 Declaration of Inmate Filing** NOT APPLICABLE

**2 Jurisdiction**
  Name of the court
    United States District Court for the Northern District of West Virginia
  Date of Order
    December 4, 2020

**3 Issues for Review**

**Issue 1**
  WRONGFUL DISMISSAL OF FIRST AMENDMENT REDRESS OF GRIEVANCE

## Supporting Facts and Argument.
Congress shall make no law...abridging...the right of the people...to petition the government for a redress of grievances.

BY CITING 28 USC 1914(a) a law made by Congress

AND WRONGFUL CITATION of U.S. v. Kras pg 8/17 a bankruptcy case

Held: "... the filing-fee requirement does not deny an indigent the equal protection of the laws, ..."

EQUAL PROTECTION MAY apply if the court certified this a CLASS ACTION, SINCE no such certification is mentioned, this matter is a first amendment Redress by the PRO SE PLAINTIFF/APPELLANT

"the right to a discharge in bankruptcy is not a "fundamental" right demanding a compelling governmental interest as a precondition to regulation;" Kras

WHEREAS THE REDRESS OF A GRIEVANCE is a "fundamental"right
and
Lumbert v. Illinois Dept. of Corrections No. 86-1192. , "where "Lumbert for example has filed more than thirty lawsuits, all as an inmate, since 1980."
It is proper that prisoners be made to think twice — by monetary exactions well within their ability, limited as it is, to pay
    — about bringing lawsuits that have no significant prospect of obtaining any worthwhile relief."
    —
speaks to frivolous suits that clog the Courts

It has long been established that a State may not impose a penalty upon those who exercise a right guaranteed by the Constitution. Frost & Frost Trucking Co. v. Railroad Comm'n of California, 271 U.S. 583, 46 S.Ct. 605, 70 L.Ed. 1101.

2/8

'Constitutional rights would be of little value if they could be * * * indirectly denied,' Smith v. Allwright, 321 U.S. 649, 664, 64 S.Ct. 757, 765, 88 L.Ed. 987,

or 'manipulated out of existence.' Gomillion v. Lightfoot, 364 U.S. 339, 345, 81 S.Ct. 125, 129, 5 L.Ed.2d 110.

Significantly, the Twenty-fourth Amendment does not merely insure that the franchise shall not be 'denied' by reason of failure to pay the poll tax; it expressly guarantees that the right to vote shall not be 'denied or abridged' for that reason.

**Harman v. Forssenius APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA.**

No. 360. Argued March 1-2, 1965. Decided April 27, 1965. **MR. CHIEF JUSTICE WARREN** delivered the opinion of the Court. **joined by *unanimous***

**Estelle v. Gamble, 429 U.S. 97 (1976)**

As the Court unanimously held in *Haines v. Kerner*, 404 U. S. 519 (1972), **a *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards** than formal pleadings drafted by lawyers" **and can only be dismissed for failure to state a claim** if it appears *"beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."' Id. at 404 U. S. 520-521, quoting Conley v. Gibson*, 355 U. S. 41, 355 U. S. 45-46 (1957).

**Majority**  Marshall, joined by Burger, Brennan, Stewart, White, Powell, Rehnquist
**Concurrence**  Blackmun (in the judgment)
**Dissent**  Stevens

In order for the court below to dismiss the Pro Se complaint
it must find Plaintiff not eligible for the $1,200.00 under
SEC. 6428. 2020 RECOVERY REBATES FOR INDIVIDUALS( f) ADVANCE REFUNDS AND CREDITS of the CARES ACT

WHEREAS this matter is not merely for myself but also the 9-12 million people who have not received the $1,200.00 from the CARES ACT (pg 2 of Complaint "the Court may make this a Class Action"{12 mil x 1200 14.4 billion hence the 24 billion reference o the Cover sheet}

# Issue 2.
PG 6 OF 17 III ANALYSIS 7) answered or addressed in a timely fashion
SPEED: COMPLAINT FROM 8-15-2020 FILED 8-19-2020 DISMISSED 12-4-2020
Over 3 months is not speedy, when Defendant Trump and his allies/team has had over 50 cases adjudicated since the election

## Supporting Facts and Argument.
FRCVP 1 "They should be construed, administered, and employed by the court and the parties to secure the just,

speedy, and inexpensive

3/8

determination of every action and proceeding.

Code of Conduct for United States Judges
Canon 3: A Judge Should Perform the Duties of the Office Fairly, Impartially and Diligently
(5) A judge should dispose promptly of the business of the court.

CARES ACT BARS PAYMENT"SEC. 6428. 2020 RECOVERY REBATES FOR INDIVIDUALS( f) ADVANCE REFUNDS AND CREDITS
3(a)"No refund or credit shall be made or allowed under this subsection after December 31, 2020.

## Issue 3.
District Court JUDGE KEELEY and USMJ ALOI failures to take notice of this matter as a CLASS ACTION

### Supporting Facts and Argument
Code of Conduct for United States Judges
Canon 3: A Judge Should Perform the Duties of the Office Fairly, Impartially and Diligently
(4) A judge should accord to every person who has a legal interest in a proceeding, and that person's lawyer, the full right to be heard according to law.

FRCVP Rule 23. Class Actions
(a) PREREQUISITES. One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
(1) the class is so numerous that joinder of all members is impracticable;
(2) there are questions of law or fact common to the class;
(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
(4) the representative parties will fairly and adequately protect the interests of the class.

## Issue 4.
false statement 18 usc 1001 by JUDGE KEELEY "economic impact payment"

### Supporting Facts and Argument
CARES ACT "SEC. 6428. 2020 RECOVERY REBATES FOR INDIVIDUALS

No. 19-5331 Document #1859039 Opinion for the Court filed by Circuit Judge GRIFFITH.
"The expression of one thing implies the exclusion of the other,"

IN THE LATIN "expressio unius est exclusio alterius"

TWO PLACES I have seen "economic impact payment" image of a check with Defendant Trump's signature and the letter from the I.R.S. I received and submitted to the court below. the name "economic impact payment" is believed by plaintiff to be of a political nature designed by both defendants as Trump was running for re-election as it does not appear in the CARES ACT

4/8

## Issue 5.

2 Failure to Prosecute pg 11/17
Westfall's argument that his complaint must be liberally construed because he is proceeding pro se, although correct, is irrelevant under the circumstances of this case. Here, it is unnecessary to construe Westfall's complaint in any respect because his case is not yet subject to judicial review due to his failure to pay the required filing fee or submit an affidavit affirming his inability to pay the fee.
Westfall's current circumstances are due entirely to his failure to comply with Magistrate Judge Aloi's Order to Show Cause. A case may be dismissed when a litigant fails to comply with a court's rules or orders. See Fed. R. Civ. P. 41(b);
Link v. Wabash
R. Co., 370 U.S. 626, 629 (1962)

what is irrelevant is the citation of Link "More than six years ...and dismissed the action "for failure of the plaintiff's counsel to appear at the pretrial, for failure to prosecute"
SEE
https://www.courtlistener.com/docket/17459545/westfall-v-trump/

16 Oct 13, 2020 Main Document  Return Receipt

17 Oct 14, 2020 Main Document  Objection to Report and Recommendations

18 Oct 27, 2020 Main Document Notice (Other)

19 Nov 17, 2020 Main Document Other Document (PUBLIC)

THESE DOCUMENTS ALONG WITH A PHONE CALL TO THE CLERK'S OFFICE ON DECEMBER 1, 2020 11:53 A.M. SHOW THE PLAINTIFF PROSECUTING THIS MATTER]

AND
RAISES THE QUESTION OF WHAT DELAYED THE COURT FOR OVER A MONTH
then three days after phone call the matter is dismissed
pg 5 of 17
Westfall filed objections to the R&R on <u>October 14, 2020</u>. He also filed a "Notice to the Court" that, as of <u>October 25, 2020</u>, he had not received an answer to his complaint and thus he believed he was entitled to summary judgment. Westfall <u>filed another copy</u> of 2 this document on <u>November 17, 2020.</u>

pg 4 of 17
(Westfall) filed an addendum to his response to the show cause order, which
included a September 25, 2020 letter from the Internal Revenue Service ("IRS") informing him that he may need to act to claim his

5/8
V⟵w

```
economic impact payment.
```

THIS MATTER CHARGES GROSS INCOMPETENCE OR WILLFUL NEGLECT
If the I.R.S. Letter is correct and legal by the submitted payroll stubs and w2 plaintiff is eligible for the rebate. The letter is self evident the Treasury has my current address, SO WHY A LETTER IN OCTOBER and not a check???

What was the delay between the bill becoming Law and the October Letter???

For that matter to date there has been no check sent one month and 19 days after letter, while payroll taxes are still being withheld and sent in by plaintiff's employer
Issue 6.
```
pg 6 of 17 (4) "reductio ad absurdum;"Note 3 bottom of pg 4 of 8 Document
15 filed 10/07/20
```
The $400.00 which could be waived by the court is to be deposited in special fund of the Treasury.

Plaintiff is to pay the Defendants,
in order to be heard by an Article 3 Court asking for an order compelling the Article 2 Officers to uphold the oath of office and "take care that the laws be faithfully executed" and pay the plaintiff the Commanded $1,200.00 of the CARES ACT
Would each member in the class have to pay the $400.00 or will they ride on the Original Plaintiff's $400.00?? did the 155 million bragged about by the Treasury 6-6-2020 pay a $400.00 fee to receive the $1.200.00???

4.Relief Requested
Identify the precise action you want the Court of Appeals to take:
**1)** enjoin SEC. 6428.(f)3(a)December 31,2020 date **2)** certify class action **3)**appoint counsel for CLASS **4)** order rebate paid to plaintiff Westfall **5)** order punitive damages for plaintiff Westfall {as Mnuchin is reported multi millionaire and Trump a billionaire at least $110 million each to plaintiff Westfall.} **6)** as **#5 raises past filing** the court order W.V. to re instate Drivers license as it stood Oct. 1, 2008 **7)** punitive damages of $63million against W.V. paid to plaintiff Westfall (due process,lost of liberty, loss of income, 8th AMENDMENT violation as well as identical right in Art 3-5 W.V. Constitution "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted. Penalties shall be proportioned to the character and degree of the offence

5. Prior appeals (for appellants only)
A. Have you filed other cases in this court?   Yes
B. If you checked YES, what are the case names and docket numbers for those appeals and what was the ultimate disposition of each?

Relief Requested No's 6) and 7)

June 16, 2011 No. 11-1633 before WILKINSON, MOTZ, and DIAZ  THIS WAS AN APPEAL OF NDWV  JUDGE BAILY'S ORDER  2:09cv103 documents 4,5,8,11, and 19

6/8

the ONE YEAR REVOCATION of the drivers license beginning in SEPT. 2009 IS STILL IN EFFECT TODAY WHICH IS WHY PLAINTIFF WESTFALL IS BURDENED TO OBTAIN THE FORM OF PAYMENT the lower clerk requires. OF INTEREST TO THIS COURT IS " LISA A. WEESE was sentenced by Chief Judge John Preston Bailey to 12 months and 1 day imprisonment to be followed by three years of supervised release. "

THIS " Belington attorney" was the last appointed counsel Judge Moats of Barbour County W.V. gave to Plaintiff Westfall, who motioned JUDGE BAILEY to remove from W.V. to the District the matters appealed to the 4th

Local Rule 27(e). Panel Assignments and Emergency Motions.

Joseph L. Westfall 12-12 and 13- 2020 A true copy will be sent by regular mail to the 4th, Judge Keeley, and both defendant

*Joseph L. Westfall* , 12-13-2020

Joseph L. Westfall   December 13, 2020

7/8