```
               IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**JOSEPH L. WESTFALL,**

        **Plaintiff,**

**v.**                                                **CIVIL ACTION NO. 1:20CV207**
                                                                   **(Judge Keeley)**

**DONALD J. TRUMP,**
**President, Individual and**
**Official Capacities; and**
**STEVEN T. MNUCHIN,**
**Secretary, U.S. Treasury,**
**Individual and Official Capacities,**

        **Defendants.**

## MEMORANDUM OPINION AND ORDER DENYING
## EMERGENCY MOTION FOR INJUNCTION PENDING APPEAL [DKT. NO. 28]

In this civil action, the plaintiff, Joseph Westfall ("Westfall"), alleges that the defendants, President Donald J. Trump and Steven T. Mnuchin, Secretary, U.S. Treasury, failed to send a $1200 payment owed to him through the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). On December 4, 2020, the Court dismissed Westfall's complaint without prejudice due to his failure to comply with a September 9, 2020 Order to Show Cause entered by Magistrate Judge Michael J. Aloi. In a Memorandum Opinion and Order ("Order") (Dkt. No. 20), the Court explained that Westfall's claims were barred because he failed to pay the total requisite filing fee of $402 in one of the forms accepted by the Clerk of the Court or to apply to proceed in forma pauperis.

**WESTFALL V. TRUMP**  1:20CV207

## MEMORANDUM OPINION AND ORDER DENYING EMERGENCY MOTION FOR INJUNCTION PENDING APPEAL [DKT. NO. 28]

On December 15, 2020, Westfall appealed the Court's Order to the United States Court of Appeals for the Fourth Circuit. During the pendency of this appeal, Westfall filed an informal opening brief and several supplements (Dkt. Nos. 23, 27, 28). In deference to Westfall's pro se status, the Court has construed Westfall's December 30, 2020 Addendum to his Informal Brief (Dkt. No. 28) as a Motion for Injunction Pending Appeal under Fed. R. App. P. 8(a)(1)(C).

Although not immediately apparent on the face of the motion, the Court interprets Westfall's motion to seek an injunction staying the December 31, 2020 deadline for refunds or credits to issue under the CARES Act. Westfall alleges that "nine million people plus minus will loose [sic] claim to SEC.2201 2020 Recovery Rebates for Individuals." In support, Westfall cites Fed. R. Civ. P. 1 ("They should be construed, administered, and employed by the court and the parties to secure the just, **speedy, and inexpensive and** [sic]") (emphasis in original); Canon 3 of the Code of Conduct for United States Judges; and Fed. R. Civ. P. 8 ("A complaint must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'"). According to Westfall, the Court and the Fourth Circuit Court of Appeals have a duty to protect his

**WESTFALL V. TRUMP**                                              **1:20CV207**

**MEMORANDUM OPINION AND ORDER DENYING**
**EMERGENCY MOTION FOR INJUNCTION PENDING APPEAL [DKT. NO. 28]**

claim under the CARES Act. Importantly, Westfall does not seek a stay of the Court's judgment dismissing his case without prejudice, but instead seeks relief akin to a preliminary injunction.

The Court must consider the same elements to grant or deny a motion for injunction pending appeal as it would to issue a preliminary injunction. Hodges v. Brown, 500 F. Supp. 25, 30 (E.D. Pa. 1980). Specifically, to be entitled to injunctive relief pending appeal, a plaintiff must show "(1) that he will likely prevail on the merits of the appeal, (2) that he will suffer irreparable injury if the stay is denied, (3) that other parties will not be substantially harmed by the stay, and (4) that the public interest will be served by granting the stay." Long v. Robinson, 432 F.2d 977, 979 (4th Cir. 1970). After careful review, the Court finds Westfall fails to show any of these required elements.

First, Westfall's motion lacks a substantive argument and simply quotes two Federal Rules of Civil Procedure, a Canon of Judicial Conduct, and a few cases to support his bald contention that the Fourth Circuit and this Court "have a duty to protect [his] claim." The authorities quoted in Westfall's motion are similar to those included in his previously filed objections to Magistrate Judge Aloi's Report and Recommendation and likewise miss

**WESTFALL V. TRUMP** 1:20CV207

**MEMORANDUM OPINION AND ORDER DENYING**
**EMERGENCY MOTION FOR INJUNCTION PENDING APPEAL [DKT. NO. 28]**

the point of why the Court dismissed his complaint. Here, as explained in the Court's Order, the issue is Westfall's failure to pay the required filing fee in a form accepted by the Clerk of Court or to apply to proceed in forma pauperis. His motion for injunctive relief fails to address these issues, and, therefore, Westfall has not demonstrated that he will prevail on appeal.

Also fatal to Westfall's request for injunctive relief is his failure to allege two of the elements required for injunctive relief pending appeal: (1) that he will suffer irreparable injury if the injunction is denied, and (2) that the defendants will not be substantially harmed by the injunction. Neither of these elements is mentioned or addressed in his motion. Although Westfall is not represented by counsel, the Court cannot make arguments for him. See Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978) (recognizing that the district court is not expected to assume the role of advocate for a pro se litigant); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating that district courts are not required "to conjure up questions never squarely presented to them" in pro se filings.)

Finally, Westfall has not alleged that the public interest will be served by granting his requested injunction. Instead, he makes a single, vague allegation that "nine million people plus

4

**WESTFALL V. TRUMP ET AL.** 1:20CV207

**MEMORANDUM OPINION AND ORDER DENYING
EMERGENCY MOTION FOR INJUNCTION PENDING APPEAL [DKT. NO. 28]**

minus" will lose their claim to CARES Act payments after December 31, 2020. This allegation is purely speculative and is not enough to convince the Court that the public interest will be served by granting an injunction pending appeal.

For the reasons discussed, the Court **DENIES** Westfall's emergency motion for an injunction pending appeal (Dkt. No. 28).

It is so **ORDERED.**

The Court **DIRECTS** the Clerk to transmit a copy of this order to the pro se plaintiff by certified mail, return receipt requested.

DATED: December 31, 2020.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE