# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT
1100 EAST MAIN STREET, SUITE 501, RICHMOND, VIRGINIA 23219
July 26, 2021

File Number
No. 20-2340

Joseph L Westfall
v.
DONALD J. TRUMP,
President, **Individually and Official Capacity**, and
STEVEN T. MNUCHIN,
Secretary, U.S. Treasury, **Individually and Official Capacity**
Joseph Biden President **Official Only**
Janet Yellen Secretary, U.S. Treasury **Official Only**
Defendants

**FILED**
JUL 29 2021
U.S. DISTRICT COURT-WVND
CLARKSBURG, WV 26301

1:20cv207

## EN BANC
## last chance

### Rule 46. Objecting to a Ruling or Order

A formal exception to a ruling or order is unnecessary. When the ruling or order is requested or made, <u>a party need only state the action that it wants the court to take or objects to</u>, along with the grounds for the request or objection. Failing to object does not prejudice a party who had no opportunity to do so when the ruling or order was made.

P/A HAS STATED THE ACTIONS " <u>**it wants the court to take**</u>" THROUGHOUT the numerous documents submitted which destroy the "FAILURE TO PROSECUTE" accusation the Fourth's panel and clerks allege.

**This matter unambiguously and completely fits the criteria of,**

### Rule 35. En Banc Determination

(b) Petition for Hearing or Rehearing En Banc. A party may petition for a hearing or rehearing en banc.
(1) The petition must begin with a statement that either:
(A) <u>*the panel decision conflicts with a decision of the United States Supreme Court*</u>

"Estelle v. Gamble, 429 U.S. 97 (1976)
    As the Court unanimously held in *Haines v. Kerner,* <u>404 U. S. 519</u> (1972),
        a *pro se* **complaint, "however inartfully pleaded,"**
            **must be held to "less stringent standards**
            than formal pleadings drafted by lawyers"
    <u>***and can only be dismissed for failure to state a claim***</u>
            if it appears "*beyond doubt that the plaintiff
            can prove no set of facts*

1/3

> *in support of his claim which would entitle him to relief.'"*
> Id. at <u>404 U. S. 520</u>-521,
> quoting Conley v. Gibson, <u>355 U. S. 41</u>, <u>355 U. S. 45</u>-46 (1957).

B) the proceeding involves one or more questions of exceptional importance, each of which must be concisely stated; for example, a petition may assert that a proceeding presents a question of exceptional importance if it involves an issue on which the panel decision conflicts with the authoritative decisions of other United States Courts of Appeals that have addressed the issue.

**had the panel or En Banc even glance at the documents the P/A has filed.**
Both the District court and clerks, the fourth circuit Enbac panel and clerks hold the pro se P/A to ULTRA STRICT federal rules of civil and appellant procedures, YET HAS NOT HELD DEFENDANTS TO SAME.

NO defendant has filed ANY ANSWER TO ANY DOCUMENT submitted by P/A.

Rule 56. Summary Judgment
(a) Motion for Summary Judgment or Partial Summary Judgment. A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment <u>if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.</u> The court should state on the record the reasons for granting or denying the motion.

P/A supplied evidenced of being a taxpayer as required in the cares act. P/A also supplied evidence the Treasury and I.R.S. both have P/A address (copy of I.R.S. letter dated 9-24-2020, submitted in Document entitled "Addendum to Response to Order to Show Cause and Motion for Summary Judgement."

**Rule 12. Defenses and Objections: When and How Presented; Motion for Judgment on the Pleadings; Consolidating Motions; Waiving Defenses; Pretrial Hearing**

(a) Time to Serve a Responsive Pleading.

(1) *In General.* Unless another time is specified by this rule or a federal statute, the time for serving a responsive pleading is as follows:

(A) A defendant must serve an answer:

(i) within 21 days after being served with the summons and complaint;

Defendant Mnuchin was answering the class action suit on the $1,200.00 rebate when P/A filed this matter.

**Rule 55. Default; Default Judgment**

(a) Entering a Default. When a party against whom a judgment for affirmative relief is sought **has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.**

  d)  Judgment Against the United States. A default judgment may be entered against the United

States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court.

P/A has established the same claim or right to relief by evidence that satisfies the court in the matter of incarcerated prisoners to which DEFENDANT MNUCHIN FILED DOCUMENTS IN, But to date has not filed an ANSWER OR DEFENCE

**Rule 57. Declaratory Judgment**

These rules govern the procedure for obtaining a declaratory judgment under 28 U.S.C. §2201. Rules 38 and 39 govern a demand for a jury trial. The existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate. The court may order a speedy hearing of a declaratory-judgment action.

A declaratory judgment is appropriate when it will "terminate the controversy" giving rise to the proceeding.

Parties
Donald J. Trump, Former President
1100 S Ocean Blvd,
Palm Beach, FL 33480

STEVEN T. MNUCHIN, Former Secretary, U.S. Treasury
1500 Pennsylvania Avenue, NW;
Washington, D.C. 20220

Joseph Biden President
1600 Pennsylvania Avenue NW, Washington, DC 20500

Janet Yellen Secretary, U.S. Treasury
1500 Pennsylvania Avenue, NW;
Washington, D.C. 20220

United States District Court
Northern District of West Virginia
500 West Pike St. Room 301
P.O.Box 2857 Clarksburg, W.V. 26302-2857

Certificate of Service

I, Joseph L. Westfall, **appearing pro se**, hereby certify a true copy sent to all parties

*Joseph L. Westfall* July 26, 2021